**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry E. Ryan,<br><br>        Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>        Respondents. | No. CV-17-02611-PHX-GMS (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Petitioner Jerry Ryan has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.    SUMMARY OF CONCLUSION.**

Petitioner pleaded guilty to attempted theft of a means of transportation and was sentenced to a stipulated 10-year term of imprisonment. Petitioner alleges he received ineffective assistance of trial, sentencing, and PCR counsel. The Court concludes that Petitioner fails to establish that the state court's rejection of his *Strickland* claims in Ground One was objectively unreasonable. Petitioner's claim in Ground Two is procedurally defaulted and meritless. The Court will recommend the Petition be denied and dismissed with prejudice.

## II. BACKGROUND.

### A. Plea and Sentencing.

On October 12, 2012, Petitioner pleaded guilty to one count of attempted theft of a means of transportation with two historical prior felony convictions. (Doc 13-1, Ex. F, at 30.) Petitioner stipulated that a presumptive, 10-year term of imprisonment would run concurrently with prison sentences from four other convictions from Pima and Yavapai Counties. (*Id*.) On December 4, 2012, the trial court sentenced Petitioner. (Doc. 13-1, Ex. I, at 57.)

### B. Post-Conviction Relief Proceedings.

On December 24, 2012, Petitioner filed his first Notice of Post-Conviction Relief (PCR). (Doc. 13-1, Ex. J, at 65.) Petitioner was appointed counsel, but counsel concluded there were no issues to present for PCR relief. (Doc. 13-1, Ex. K, at 69.) On August 14, 2013, Petitioner filed a pro-per petition for PCR relief. (Doc. 13-1, Ex. O at 80.) On January 6, 2014, the trial court dismissed his PCR petition with prejudice after finding that he failed to establish a colorable claim. (Doc. 13, Ex. R, at 123.)

On February 27, 2014, Petitioner filed a second notice of PCR claiming that his PCR counsel was ineffective because he did not investigate the IAC claims against his trial counsel. (Doc. 13-1, Ex. V, at 146.) On May 13, 2014, Petitioner filed a petition for review with the Arizona Court of Appeals based on the trial court's January 6, 2014 order denying his first PCR petition, which claimed his trial counsel and sentencing counsel were ineffective. (Doc. 13-2, Ex. AA, at 27.)

On June 4, 2013, the trial court found the second notice of PCR both untimely and successive under Rule 32.4(a). (Doc. 13-1, Ex. W, at 154.) On December 29, 2016, the Arizona Court of Appeals granted review but denied relief. (Doc. 13-2, Ex. CC, at 45.)

### C. Petitioner's Habeas Petition.

On August 4, 2017, the Petitioner timely filed for Writ of Habeas Corpus. (Doc. 1.) Petitioner raises two grounds for relief: (1) ineffective assistance of trial and sentencing counsel; and (2) ineffective assistance of PCR counsel. (*Id*.) On February 1,

2018, Respondents filed an Answer. (Doc. 13.)

**III. THE PETITION.**

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § § 2241 (c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. The Petition is timely.

Claims of ineffective assistance of counsel are governed by the principles set forth in *Strickland v. Washington*, 466 U.S. 668, 684 (1984). To prevail under *Strickland*, a petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness, and that (2) the deficiency prejudiced the defense. *Id.* at 687-88. In evaluating claims of prejudice in the context of finding a plea invalid, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

**IV. GROUND ONE.**

Petitioner argues that trial and sentencing counsel were ineffective regarding a motion to dismiss based upon a speedy trial violation. (Doc. 1 at 6.) Petitioner fails to establish ineffective assistance or prejudice regarding this claim.

**A. Background.**

In 2008, Petitioner was arrested in Las Vegas, Nevada and extradited to Arizona to face criminal charges in several courts. Petitioner was transported to face charges in Pima County, then transported to Yavapai County to face different charges, and finally transported to Maricopa County to face the charges in this case. (Doc. 13-1, Ex. Q, at 94.) Petitioner alleged that he was denied a speedy trial because he "mailed a pro-per copy of his 'Fast and Speedy Trial' motion" to the prosecutor in his Maricopa County case while

he was being detained in his Yavapai County case. (Doc. 1 at 6.) The trial court denied Petitioner's motion after finding that the prosecutor did not receive Petitioner's motion. (Doc. 13-1, Ex. R, at 121.) Petitioner reasserts his argument that counsel should have obtained prison logs proving that he mailed his motion to the prosecutor. (Doc. 1 at 6.) He also claims counsel should have allowed him to testify at a hearing on the "speedy trial motion." (*Id.*) Petitioner also asserts that counsel incorrectly advised him that the only way to challenge the denial of his "speedy trial motion" was to file a petition for post-conviction relief (rather than a "petition for special action"). (*Id*. at 6-7.)

### B. Failure Regarding Speedy Trial Claim.

Petitioner argues that counsel was ineffective because trial counsel refused to obtain documents and did not allow him to testify regarding his claim that he mailed his request for a speedy trial to the prosecutor. (Doc. 1 at 6-10.) He asserts that if "trial counsel had obtained the mailing documents used by this Petitioner to mail his [speedy trial motion] from within the Arizona Department of Corrections, it would have shown a copy of Petitioner's said motion was in fact mailed" to the prosecutor and the charges would have been "dismissed." (*Id*. at 7.)

On post-conviction review, the court found:

> . . . Even if the Court considers the pleadings, however, the *Donald* factors have not been satisfied. First, there is no showing that counsel's conduct was unreasonable. Second, there is no showing of prejudice. Defendant claims that the document attached to the reply is evidence that he mailed the motion. Judge Bergin's order denying defendant's motion to dismiss was based, not on a finding that defendant failed to mail the motion, but on a finding that the State showed that it had not received the motion. The Court specifically found that "the AG's prompt response to the Court's January 3 minute entry and continued diligence in seeking transport of the defendant suggests that had the AG received the motion prior to the Court's minute entry, it would have taken action in December rather than January." 9/5/12 Minute Entry at page 5. Defendant's claim for a "mail log received" seeks a document that the Attorney General insists does not exist. In short, defendant did not suffer prejudice.
>
> Nor does defense counsel's refusal to file a motion for reconsideration or a special action constitute ineffective assistance of counsel. Mr. Ryan has made no showing that such a motion was likely to of been granted or that such a motion would have affected the outcome of the proceedings. The determination of what issues to pursue are left to the professional judgment of counsel. *State v Herrera*, 183 Ariz. 642, 647, 905 P.2d 1377 (App. 1995).

> In short, the Court finds that defendant failed to make a colorable claim that counsel's conduct was unreasonable or that such conduct failed to give Mr. Ryan information necessary for him to make an informed decision on whether to accept the plea.

(Doc. 13-1, Ex. R, at 121.) The Arizona Court of Appeals also denied relief on this claim. (Doc. 13, Ex. CC, at 1-2.) The court found that "Petitioner's guilty plea waived all non-jurisdictional defenses or errors that occurred prior to the plea [including the speedy trial claim]." (*Id.*) Furthermore, the court concluded that Petitioner "failed to present any discrete evidence to substantiate his claims . . . [and therefore] Petitioner failed to present a colorable claim of ineffective assistance of counsel." (*Id.*)

Here, Petitioner does not establish that the alleged failure to obtain prison logs had any bearing on the court's ruling. The court found that the prosecution did not receive Petitioner's speedy trial motion, so the production of prison logs would not have addressed that finding. Also, if Petitioner is asserting that counsel should have obtained a "received" mailing log from the prosecution, the court found that such a log did not exist and Petitioner offers nothing to refute that point. (Doc. 13-1, Ex. R, at 121.) The Arizona Court of Appeals found Petitioner failed to specifically explain how counsel's alleged conduct resulted in his guilty plea and Petitioner has not met his burden to prove otherwise.

### C. Failure to Advise of Special Action Remedy.

Petitioner also argues that trial and sentencing counsel provided ineffective assistance "when they advised him a Petition for Special Action was not the avenue to seek redress of the trial court's denial" of his motion to dismiss for a speedy trial violation. (Doc. 1 at 8.) The PCR court found that "Mr. Ryan has made no showing that such a motion was likely to of been granted or that such a motion would have affected the outcome of the proceedings." (Doc. 13-1, Ex. R, at 121.) Petitioner has failed to establish here that a petition for special action would have had merit, and Petitioner cannot establish that counsel was ineffective by failing to advise him of that right. "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel."

*Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982). Also, the merits of his claims were reviewed by two courts on PCR review and his requests were denied, so he fails to establish prejudice. Further, during his guilty plea, Petitioner avowed that he was pleading guilty voluntarily (doc. 13-2, Ex. JJ, at 8), satisfied with his lawyer's work (*id.* at 7), and stipulated his sentence would run concurrently with his Pima and Yavapai County prison sentences[1] (*id.* at 10). The representations of a defendant, his lawyer, and the prosecutor, as well as the judge's findings in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74. Petitioner fails to prove a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Petitioner has also not shown that the state courts' decisions were unreasonable.

## V. GROUND TWO.

### A. Ineffective Assistance of Post-Conviction Counsel.

Petitioner asserts that he "sent a letter to his PCR counsel with several legal issues to be raised in his PCR" proceeding. (Doc. 1 at 10.) He states that he sent PCR counsel "witnesses to contact regarding trial counsel's failure to investigate the alleged crime." (*Id.*) Petitioner claim is unexhausted and procedurally defaulted because Petitioner did not properly argue that post-conviction counsel provided ineffective assistance. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial post-conviction process available in the state." *Casey v. Moore*, 386

---

[1] The post-conviction court noted that according "to the Department of Corrections website, defendant's latest sentence expiration date for [the Pima and Yavapai County cases] is October 6, 2015" and the "his sentence expiration date [in this case] is November 16, 2017." (Doc. 13-1, Ex. W, at 155.) Petitioner's sentence in this case appears to have added a mere two years to his prison sentences, which was a considerable benefit to Petitioner in light of his 14 prior felony convictions. *See* Doc. 13-2, Ex. KK, at 136.) Petitioner is likely be subject to community supervision until 2019.

F.3d 896, 916 (9th Cir. 2004) (quotation omitted). Although Petitioner presented this claim in his second PCR petition, that petition was denied as untimely and successive by the superior court, and Petitioner did not seek appellate review of the trial court's PCR ruling. Petitioner's claim is procedurally defaulted. *See Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman*, 501 U.S. at 735 n.1). Petitioner could have presented this claim in his first PCR petition or in the Arizona Court of Appeals, and he fails to establish cause and prejudice to excuse the default.

Regarding the fundamental miscarriage of justice exception, Petitioner fails to "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Here, Petitioner admitted his guilt by pleading guilty. Petitioner's guilty plea would diminish a claim of actual innocence. *See Chestang v. Sisto*, 522 Fed. App'x. 389, 390 (9th Cir. 2013) (finding petitioner's guilty plea "seriously undermine[d]" a claim of actual innocence). To pass through the actual innocence/*Schlup* gateway, a petitioner must establish his or her factual innocence of the crime and not mere legal insufficiency. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324; *see also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011). Petitioner presents no evidence that he is actually innocent of the offense.

Also, Petitioner's conclusory claim fails to provide any explanation regarding these "witnesses" or how counsel's failure to investigate those witnesses resulted in Petitioner's guilty plea. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Also, the court found on post-conviction review that Petitioner "fails to

1 establish how counsel's alleged lack of investigation either caused the lawyer to give
2 erroneous advice or failed to give Mr. Ryan information necessary to allow him to make
3 an informed decision on whether to accept the plea." (Doc. 13-1, Ex. R, at 120.)
4 Petitioner does not argue that this decision was unreasonable. The court also found
5 Petitioner failed to "provide documentation of what exculpatory evidence would have
6 been produced by counsel had she performed a competent investigation." (*Id*. at 120-
7 121.) Petitioner also fails to provide any evidence of prejudice here.

## CONCLUSION

Based on the above analysis, the Court finds that Petitioner's claims fail. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

///
///
///

Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 21st day of May, 2018.

_____
Honorable John Z. Boyle
United States Magistrate Judge